# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:13 CR 103 |
| Plaintiff, | ) ) | JUDGE JAMES GWIN |
| -vs- | ) ) | |
| CHRISTOS KARASARIDES | ) ) | **DEFENDANT CHRISTOS KARASARIDES' SENTENCING** |
| Defendant. | ) ) ) | **MEMORANDUM** |

Now comes the Defendant, **CHRISTOS KARASARIDES**, by and through his undersigned counsel, and hereby submits the following sentencing memorandum in the above-captioned matter. Defendant's sentencing hearing is scheduled for April 18, 2014 at 11:30 a.m.

Respectfully Submitted,

/s/ Brian M. Pierce
BRIAN M. PIERCE (#0063736)
Attorney for Christos Karasarides
54 E. Mill Street, Suite 400
Akron, Ohio 44308
brian@gmpvl.com
(330) 253-0785 (telephone)
(330) 253-7432 (facsimile)



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2014 a copy of the foregoing filed electronically, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

BRIAN M. PIERCE (#0063736)
Attorney for Christos Karasarides
54 E. Mill Street, Suite 400
Akron, Ohio 44308
brian@gmpvl.com
(330) 253-0785 (telephone)
(330) 253-7432 (facsimile)



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

# MEMORANDUM

## A. Introduction

On December 3, 2013, the Defendant, Christos Karasarides, pled guilty to a one count indictment which charged him with Possession of Oxycodone in violation of 21 U.S.C. Section 844(a). In addition, Mr. Karasarides also pled guilty to a supplemental information charging him with one count of Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. Section 1956(h), 18 U.S.C. 1956 (a) (1). The court ordered the preparation of a PreSentence Investigation Report and scheduled a sentencing hearing on April 18, 2014.

The Possession of Oxycodone carries a maximum term of one (1) year imprisonment and a mandatory fine of $1,000.00 dollars. The Conspiracy to Launder Money Instruments carries a maximum of twenty (20) years of imprisonment and a $500,000.00 fine or twice the value of the property involved in the offense.

## B. Personal History of Christos Karasarides

Christos Karasarides is forty-eight (48) years of age and a lifelong resident of Canton, Ohio. Mr. Karasarides' father passed away in 2004. His mother, age eighty-one (81) and his sister both reside in Canton, Ohio. Mr. Karasarides is currently divorced after a nineteen (19) year marriage to Carolyn Noble. Mr. Karasarides has two (2) children. Christopher, age twenty-three (23) is a student at Ohio State University. Jeffery, age nineteen (19), suffers from Autism and resides with his mother in Raleigh, North Carolina. Mr. Karasaides continues to pay child support to his ex-wife and is both emotionally and financially supportive of both of his children. Mr. Karasarides divorce decree requires that he pay all of the educational expenses for his children. Mr. Karasarides has been in a relationship with Melissa Bragg for the past seven years. Both Ms. Bragg and her son, Robert, age seventeen (17) reside with Mr. Karasarides at his home in Canton. Mr. Karasarides is a father figure to Robert and contributes



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

3

to the support of both Melissa and Robert.

Mr. Karasarides has been previously employed as a software salesman for VS-2 Marketing Group. This employment terminated in October of 2013. Defendant currently owns and operates Massillon Gold & Exchange.

At the time Defendant was indicted he was struggling with an addition to prescription medication. Mr. Karasarides sought professional help and has remained drug free since March 27, 2013. He has consistently submitted negative drug screens during the pendency of this case. Mr. Karasarides has also actively engaged in counseling on a weekly basis since March 8, 2012. (See, Attached Exhibit "A"). Defendant maintains a close relationship with his mother, sister, children and ex-wife and has a great deal of family support. (See, Exhibits "B" "C" "D").

### C. Offense level Computation

The Presentence Report and Defendant's Plea Agreement correctly identifies the Base Offense Level for the Conspiracy to Launder Monetary Instruments to be 12 with a 2 level increase pursuant to 18 U.S.C. Sec. 1956. This provides for an adjusted offense level of 14. The Possession of Oxycodone offense has a base offense level of 8 which provides for a 1 level multiple count adjustment. Thus, the total offense level is 15 prior to Acceptance of Responsibility. Defendant's Plea Agreement contemplates a 2 level adjustment for Acceptance of Responsibility which results in a total offense level of 13. Counsel also anticipates that the Court will request a 1 level reduction pursuant to 5K1.1 for substantial assistance. This would ultimately result in an offense Level of 12.

The Presentence Report has placed the Defendant in a Criminal History Category II despite the parties belief that the Defendant was likely a Criminal History Category 1. (See, Plea Agreement p.17). Defendant has a total of 2 criminal history points. One of Defendant's



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

two points occurs as a result of a 2007 conviction for No Operators License, a Misdemeanor of the fourth degree with a maximum punishment of thirty days in jail and a fine of $250.00 dollars. Defendant's jail sentence was completely suspended on condition that he exhibit good behavior for two years and bring six cans of Dinty Moore Beef Stew to Court and pay a fine of $100.00 plus court costs.

Counsel submits that this offense should be excluded as Paragraph 4A1.1(c) (1) excludes from criminal history certain minor offenses (Driving Without a License) unless the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days.

To determine if a sentence meets the 30 days threshold, pursuant to 4A1.2(b)(2), only the portion of the sentence that was NOT suspended may be used. See, U.S. v. Hernandez-Hernandez, 431 F.3d 1212 (9th Cir. 2005). Because Mr. Karasarides served less than 30 days of imprisonment in the above case, the offense should be excluded from his criminal history.

Accordingly, Mr. Karasarides' Criminal History points should be 1 with a corresponding Criminal History Category I.

Further, it is clear based upon the circumstances of this misdemeanor offense that a Criminal History Category II overrepresents Defendant's actual Criminal History.

Counsel submits that Defendant's advisory guideline range prior to consideration of any variances should be an offense level 12 and Criminal History Category I for a guideline range of 10-16 months.

D.   **The Goals of Sentencing - 18 U.S.C. § 3553(a)**

After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation s merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing*



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

5

as set forth in 18 U.S.C. § 3553(a)(2). See, <u>Gall v. United States</u>, 128 S.Ct.586, 597 n.6 (2007); <u>Kimbrough v. United States</u>, 128 S.Ct. 558, 570 (2007). The overriding principle and mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing as set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. <u>Id</u>.

The "sufficient but not greater than necessary" requirement has been referred to as the "parsimony provision." See, <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3rd Cir. 1989). This Circuit has found that the parsimony provision serves as "the guidepost for sentencing decisions post-<u>Booker</u>" and sets an independent limit on the sentence a court may impose. <u>United States v. Ferguson</u>, 456 F.3d 660, 667 (6th Cir. 2006), see also <u>United States v. Cull</u>, 446 F.Supp.2d 961, 963 (E.D. Wis. 2006). Since § 3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within the applicable guideline range. <u>Id</u>.

**E.  The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under § 3553(a)(2)**

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). Those factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed -

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal



BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

6

conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

See, 18 U.S.C. § 3553(a) (2007). See generally, Rita v. United States, 127 S.Ct. 2456, 2463-65 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007); Spears v. United States, 129 S.Ct. 840 (2009).



While district courts must in all cases "consider" the guideline range, Booker, 543 U.S. 220, 245-46, the Guidelines do not subordinate the other factors in § 3553(a). As this Circuit has pointed out, the sentencing mandate under § 3553(a) serves as "the guidepost for sentencing decisions post-Booker" Ferguson, 456 F.3d at 667, and the Guidelines carry no more weight than any other factor under § 3553(a). Importantly, a sentencing court may not presume that a sentence within the guideline range is reasonable. Rita, 127 S.Ct at 2463-65.

In a post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Sentencing Guidelines. See, Spears v. Untied States, 129 S.Ct. 840 (2009); Kimbrough v. United States, 128 S.Ct. 558, 570 (2007); Gall v. United States, 128 S.Ct. 586, 597 n.6 (2007). A non-guideline sentence may not be presumed to be unreasonable, and district courts need not impose sentences greater than they

BRIAN M. PIERCE
Attorney at Law

GORMAN, MALARCIK, PIERCE, VUILLEMIN & LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

believe necessary out of fear of reversal. Rita at 2467. Instead, after determining the Guideline range, the sentencing court may decide that a sentence in that range:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "Heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).

Rita, 127 S.Ct. At 2465. District courts may even consider arguments that a particular guideline reflects "an unsound judgment" generally. Rita at 2468; Spears at 843. The appellate courts should not disturb the court's judgment if the sentencing judge provides reasons for the sentencing decision. Rita, at 2468.

### F. Application of Sentencing Factors to Christos Karasarides

Christos Karasarides has exercised poor judgement and has involved himself in criminal behavior that has placed his freedom in jeopardy. However, Mr. Karasarides has taken substantial steps to correct his mistakes and avoid future involvement with the criminal justice system. Mr. Karasarides has focused his energy on successfully battling his addiction to prescription medication and has remained drug free since March of 2013. He has also engaged in weekly counseling in an effort to improve his decision making skills. Throughout all of his struggles, Mr. Karasarides remains a stable influence in his children's lives and provides for them financially and emotionally. Mr. Karasarides also has a tremendous amount of family support and assists in caring for his elderly mother.

### G. Conclusion

Christos Karasarides' case presents precisely the type of factors that should be considered by the courts after Booker. The succession of cases after Booker, including Rita,



BRIAN M. PIERCE
Attorney at Law

GORMAN, MALARCIK, PIERCE, VUILLEMIN & LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785

Gall, Kimbrough, and Spears, all demonstrate that this court has the authority and duty to consider the above-mentioned factors when arriving at a sentence that fulfills the sentencing mandate of § 3553(a)(2).

Counsel submits that pursuant to the sentencing factors in 18 U.S.C. § 3553(a), a sentence consisting of probation is appropriate in this matter. This sentence would permit Mr. Karasarides to provide for his family and satisfy any financial obligations that may be ordered by this Court.

Under the circumstances, it is respectfully requested that this Court take into account the factors unique to the Defendant's case that are sufficient to achieve the goals of sentencing under § 3553(a)(2).

Respectfully submitted,

/s/ Brian M. Pierce
BRIAN M. PIERCE (#0063736)
Attorney for Christos Karasarides
54 E. Mill Street, Suite 400
Akron, Ohio 44308
brian@gmpvl.com
(330) 253-0785 (telephone)
(330) 253-7432 (facsimile)

BRIAN M.
PIERCE

Attorney at Law

GORMAN, MALARCIK,
PIERCE, VUILLEMIN &
LOCASCIO

The Gothic Building
54 E. Mill Street
Suite 400
Akron, Ohio 44308

www.gmpvlaw.com
(330) 253-0785